UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
98 MAY 14 AM 10:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| NATIONAL FLORAL SUPPLY OF MARYLAND, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | CV97-S-2893-NE |
| | ) | |
| IRMA M. SCHLARB, EARL G. SCHLARB, | ) | |
| | ) | |
| Defendants. | ) | |

ENTERED
MAY 14 1998

## MEMORANDUM OPINION

Plaintiff alleges defendant Irma M. Schlarb is using knowledge and information acquired during her employment with plaintiff to assist her husband, defendant Earl G. Schlarb, in the operation of a competing business. Ms. Schlarb allegedly breached an employment agreement with plaintiff, misappropriated trade secrets, tortiously interfered with business relations, and fraudulently suppressed her intent to compete with plaintiff

The action is before this court on three motions: plaintiff's motion to compel discovery; plaintiff's motion for protective order; and, defendant's motion for entry of scheduling order. Upon consideration of the pleadings, briefs, and evidentiary submissions, this court concludes it would not be aided by oral argument. Accordingly, this action is removed from the motion docket scheduled for May 15, 1998.

## I. MOTION FOR PROTECTIVE ORDER

The parties agree that a protective order should be entered in this action, but disagree over two essential terms. Plaintiff seeks to prevent defendants from reviewing any "confidential" information, or from attending portions of depositions where "confidential" information will be elicited. (Motion for protective order at 2.) Defendants seek to attend all depositions, and review all documents.

> While courts have, on rare occasions, construed Rule 26(c)(5) to allow for the exclusion of parties from pretrial depositions, they agree exclusion should be ordered "rarely indeed" and only upon a heightened showing of "exceptional" or "compelling" circumstances necessary to protect the deponent.
>
> . . .
>
> Two themes emerge when considering these authorities: (1) witnesses, and particularly parties, have a presumptive right to participate in pretrial depositions; and (2) that right may be curtailed only upon a showing of "compelling" or "extraordinary" circumstances focusing on the deponent's countervailing need for protection from the party sought to be excluded.

*Visor v. Sprint/United Management Co.*, No. CIV.A. 96-K-1730, 1997 WL 567923 at *2 (D. Col. Aug. 18, 1997). Plaintiff has not demonstrated "compelling" or "extraordinary" circumstances justifying the exclusion of defendants from depositions. Rather, plaintiff asserts only a generalized fear that confidential information may be disclosed during deposition. Accordingly, this court finds that plaintiff has not demonstrated "good cause" for excluding defendants from depositions, and the motion for

protective order is due to be denied in that regard. *See* *Fed.R.Civ.P.* 26(c)(requiring "good cause shown" before entry of protective order).

Plaintiff also "anticipates that it will be furnishing defendants' counsel sensitive, confidential[,] or commercial information that should not be revealed to its direct competitors, including the defendants." (Motion for protective order at 2.) That argument is unpersuasive in light of plaintiff's claims that defendants misappropriated trade secrets. Certainly, defendants are entitled to review the documents they are alleged to have misappropriated. Moreover, this court finds that the restrictions imposed in the protective order accompanying this memorandum opinion will adequately protect plaintiff's proprietary interests. Accordingly, the motion for protective order is due to be denied to the extent it seeks to restrict defendants from reviewing "confidential" information.

## II. MOTION TO COMPEL DISCOVERY

Plaintiff's motion to compel is based upon defendants' failure to answer interrogatories or respond to requests for production propounded on January 6, 1998. Defendants contend the parties agreed, on February 9, 1998, "that no responses would be provided to any outstanding discovery requests until the parties agreed to the terms of a Protective Order ...." (Response to motion to compel at 2.)

3

This court will issue a protective order contemporaneously with this memorandum opinion. Accordingly, the motion to compel is granted, and defendants shall provide their responses on or before May 21, 1998.

### III. MOTION FOR SCHEDULING ORDER

It is apparent from the parties' filings that they cannot agree upon the terms of a scheduling order. Accordingly, this court will impose scheduling dates for them. Defendants' motion is due to be granted to the extent that an appropriate scheduling order shall be entered contemporaneously herewith.

DONE this the 14th day of May, 1998.

United States District Judge

4