UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
98 DEC -1 PM 2:25
N.D. OF ALABAMA

NATIONAL FLORAL SUPPLY OF )
MARYLAND, INC.,           )
                          )
     Plaintiff,           )
                          )
vs.                       )   Civil Action No. CV-97-S-2893-NE
                          )
IRMA M. SCHLARB;          )
EARL G. SCHLARB,          )
                          )
     Defendants.          )

ENTERED
DEC 0 1 1998

## MEMORANDUM OPINION

This action presently is before the court on plaintiff's motion for reconsideration and amendment of this court's order (Doc. No. 42) and memorandum opinion (Doc. No. 41) entered October 30, 1998.

Plaintiff seeks amendment to the summary judgment entered against plaintiff, on its breach of contract claim, on the ground that plaintiff no longer does business in the area encompassed by the restrictive covenant at issue. Plaintiff concedes that the general rule under Alabama law prohibits enforcement of covenants not to compete when the employer has ceased doing business in the area restricted by the provision. (Plaintiff's motion ¶ 3.)

49

Plaintiff, defendant's former employer, contends in this motion,[1] however, that the rule should not be applied in this case because but for the defendant Irma Schlarb's breach of this restrictive covenant, plaintiff would continue to operate its business at the Redstone Arsenal, in the restricted area.[2] (*Id.*)

Although plaintiff's reasoning is sound, the facts of this case do not support its application. Plaintiff cannot establish that it would have continued its business at the Redstone Arsenal absent the alleged breach of Mrs. Schlarb. The Army and Air Force Exchange Service (AAFES) awarded the right to operate such business through a competitive bidding process. Three bids were submitted. Plaintiff's bid, objectively, was the least competitive. (Memorandum opinion at 8.) The AAFES had warned all bidders that the contract likely would be awarded on the basis of these bids,

---

[1] As discussed *infra*, plaintiff's corporate representative specifically denied plaintiff was asserting this argument. (Deposition of K. O'Brien at 197.)

[2] The exact language of plaintiff's contention is that plaintiff is no longer engaging in business in this area "due to the actions of Irma Schlarb and Earl Schlarb." (Plaintiff's motion ¶ 3.) Plaintiff continues, alleging "it was [Irma Schlarb's] own conduct and that of her husband [Earl Schlarb] which ousted [plaintiff] from operating the flower shop at the Redstone Arsenal." (*Id.* ¶ 4.)

2

and that a second solicitation of "best and final" offers was unlikely.[3] (Deposition of B. Wills at 35.)

The second highest bidder was B&B Floral. Although plaintiff specialized in the type of business at issue and previously had been awarded the Redstone contract, B&B Floral had established a business relationship with AAFES as well. B&B Floral previously had been awarded contracts by the AAFES, and one by the contracting officer of AAFES who controlled this particular bidding contest.[4] (Deposition of B. Wills at 15.)

In addition, plaintiff admits, via its corporate deposition, that no act of Mrs. Schlarb had injured plaintiff to date. (Deposition of K. O'Brien at 197.) Specifically, the deposition proceeded as follows:

> Q: Is that your testimony that but for Mrs. Schlarb's actions, National Floral would have received the Redstone Arsenal Flower shop contract?
>
> A: No, sir, that's not our contention at all.

---

[3] Moreover, the contracting officer who controlled this particular bidding contest had never called for a "best and final" round of offers in any case in which plaintiff, which bids nationwide, had submitted an offer. (Deposition of B. Wills at 35.)

[4] B&B Floral, allegedly, is insolvent now. Even if the court were to find this fact relevant, any contact terminated because of B&B's insolvency is subject to another bidding process and is not automatically awarded to the next highest bidder from the previous competition. (Deposition of B. Wills at 16.)

3

Q: Well, then, please help me to understand, then, exactly what injuries National Floral has incurred as a result of Mrs. Schlarb's actions.

A: She violated her employment agreement.

Q: And how has what [sic] injured National Floral?

A: So far thankfully to my knowledge it hasn't injured us ....

(*Id.*) Plaintiff's representative further testified plaintiff was not arguing that defendant Earl Schlarb wrongfully caused its loss of the contract at issue. (*Id.* at 200.)

Plaintiff has failed to demonstrate that any alleged breach by Mrs. Schlarb, if proven, caused plaintiff to cease operating its business at the Redstone Arsenal. Thus, the general rule applies, and the covenant not to compete is not enforceable because plaintiff no longer conducted business in the restricted area.

Accordingly, plaintiff's motion is due to be denied. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this the 1st day of December, 1998.

United States District Judge

4